## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEON R. BRAXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV- 17-277-r |
| | ) |
| (1) NORTEK AIR SOLUTIONS, LLC, a | ) |
| limited liability company doing business in | ) |
| Oklahoma, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff and for his causes of action herein alleges and states as follows:

Plaintiff, Deon R. Braxton, files this Complaint as a civil action alleging employment discrimination based upon race prohibited by the following federal statutes: the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*. ("Title VII").

### I. PARTIES TO ACTION

1.    Plaintiff, Deon R. Braxton (hereinafter "Plaintiff"), an African-American ("Black") male, resided within the Western District of Oklahoma, county of Oklahoma, at all material times as alleged in this Complaint.

1

2. Defendant Nortek Air Solutions is a limited liability company doing business in Oklahoma, within the Western District of Oklahoma (hereinafter "Nortek" or "Defendant").

3. Clayton Clarkson was a Supervisor for Nortek Air Solutions during the relevant time period, therefore Clarkson is an agent of Defendant Nortek Air Solutions.

4. Perry was a Plant Supervisor for Nortek Air Solutions during the relevant time period, therefore Perry is an agent of Defendant Nortek Air Solutions.

5. Grover is a Plant Manager for Nortek Air Solutions during the relevant time period, therefore Grover is an agent of Defendant Nortek Air Solutions.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and subject matter of this Complaint pursuant to 42 U.S.C. § 2000e-(5) and 28 U.S.C. § 1331.

7. Defendant Nortek Air Solutions is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

8. Plaintiff is an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

9. Plaintiff has exhausted his administrative remedies by timely filing his charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). Plaintiff, upon timely filing his charge of discrimination,

has received the appropriate right to sue letter. This Complaint is timely brought by the filing within the ninety (90) day period following receipt of said Notice of his right to sue.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f)(3), as demonstrated below, as all the transactions and events material to the Complaint took place within the Western District of Oklahoma.

### III.  FACTS COMMON TO ALL CLAIMS AND DEFENDANT

11. Plaintiff is of African-American ancestry. He was initially hired by Defendant Nortek on or about January 27, 2007.

12. Plaintiff was qualified to perform his job duties and did so in a satisfactory manner.

13. While employed by Defendant Nortek, Plaintiff was subjected to different terms and conditions of employment and discriminated against because of his race by Defendant Nortek and its agents. Such adverse actions included, but were not limited to, unjustified reprimands, unequal discipline, and being treated unequally as compared to similarly situated Caucasian ("White") employees.

14. Such unequal treatment was based solely upon Plaintiff's race.

15. At all relevant times, Plaintiff and another employee, named Marcus Zeigler, were the only African American or Black employees in the shop at Nortek Air Solutions.

16. Agents of Defendant Nortek constantly harassed, monitored, and over supervised Plaintiff and the other African American employee. They also

placed a large, metal barrier between Plaintiff and employee Marcus Zeigler in order to isolate them and prevent them from any form of communication, even though their respective job duties required interaction.

17. None of the non-African American employees of Nortek were subjected to the same or similar isolation and treatment, but instead were allowed to stand around during work hours chatting and joking.

18. On April 20, 2016, both Plaintiff and Marcus Zeigler, the only African American employees in the shop, were called into the office by Clayton Clarkson. Clarkson stated "I was told by someone that you and Bubba (Zeigler) were talking to each other." Clarkson told them both that they were being sent home and could not return to work until the following day. They were sent home for two (2) days at a rate of four (4) hours for each day.

19. On the other hand, Plaintiff observed other non-African American employees standing around chatting and joking while on the clock. None of these employees were disciplined for talking, received no write-ups or suspensions, and were not subjected to the humiliation of being sent home as was Plaintiff and the other African American employee, Marcus.

20. Plaintiff lodged complaints with the Human Resources department regarding the metal barrier and the disciplinary action he received for allegedly talking while at work. Plaintiff complained that he felt like a caged animal. Plaintiff's complaints were ignored.

21. After filing his complaints with Human Resources, Plaintiff was accosted by the Plant Supervisor ("Perry") who stated to Plaintiff "I want to talk to you because you're the one that's been talking to HR." Perry called Plaintiff a trouble-maker and further isolated him from other employees.

22. In retaliation, agents of Defendant refused to conduct a performance evaluation for Plaintiff during the 2016 year, therefore Plaintiff was denied an increase in pay for that annual period.

23. The totality of Defendant's conduct and actions have caused Plaintiff embarrassment, humiliation, emotional distress, and damages under Title VII, 42 U.S.C. §1981, and state law.

### [FIRST CAUSES OF ACTION—RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII and 42 U.S.C. §1981]

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through twenty three (23) as if fully restated herein, and further alleges and states:

24. Defendant and/or its agents unlawfully discriminated against Plaintiff because of his race, African-American, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

25. Defendant and/or its agents treated similarly-situated non-African American employees more favorably in terms, privileges and conditions of their employment than Plaintiff was so treated.

26. Defendant's actions were intentional, willful and in reckless disregard of Plaintiff's rights as protected by the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended.

27. Due to Defendants' unlawful acts and conduct, Plaintiff has suffered harm and entitled to damages. Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for an employer's violations of Section 1981, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

28. Plaintiff is also entitled to all remedies and relief provided for a willful violation of Title VII, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

**[SECOND CAUSE OF ACTION—RETALIATION]**

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through twenty eight (28) as if fully restated herein, and further alleges and states:

29. On April 20, 2016, both Plaintiff and Marcus Zeigler, the only African American employees in the shop, were called into the office by Clayton Clarkson. Clarkson stated "I was told by someone that you and Bubba (Zeigler) were talking to each other." Clarkson told them both that they were being sent

home and could not return to work until the following day. They were sent home for two (2) days at a rate of four (4) hours for each day.

30. Plaintiff lodged complaints with the Human Resources Department regarding the metal barrier and the disciplinary action he received for allegedly talking while at work. Plaintiff complained that he felt like a caged animal. Plaintiff's complaints were ignored.

31. After filing his complaints with Human Resources, Plaintiff was accosted by the Plant Supervisor who stated to Plaintiff "I want to talk to you because you're the one that's been talking to HR." Perry called Plaintiff a trouble-maker and further isolated him from other employees.

32. In further retaliation, agents of Defendant refused to conduct a performance evaluation for Plaintiff during the 2016 year, therefore Plaintiff was denied an increase in pay for that annual period.

33. Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages. Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for violations of Title VII, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendants for such unlawful conduct.

## [THIRD CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

34. Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through thirty three (33) as if fully restated herein, and further alleges and states:

35. Plaintiff brings state law claims of Intentional Infliction of Emotional Distress as against Defendant.

36. Defendant owed a duty to Plaintiff to not conduct itself in its employment practices in such a manner that would cause Plaintiff to suffer injuries that were foreseeable.

37. Defendant knew or should have known that by allowing its agents to treat Plaintiff in a disparate manner, through isolation and unwarranted discipline, was unlawful.

38. Plaintiff's injuries were a direct and proximate cause of the actions and/or omissions of Defendant and/or its agents. As a result, Plaintiff suffered loss of sleep and depression.

39. As a direct and proximate result of Defendant's actions and conduct, Plaintiff has suffered and will continue to suffer mental pain, mental anguish and suffering and emotional distress.

40. As a direct result of Defendant's wrongful acts and conduct, Plaintiff sustained damages and injuries.

41. Defendant's conduct as described herein was intentional and oppressive, and done with a conscious disregard of Plaintiff's rights, which entitled Plaintiff to punitive damages.

WHEREFORE, Plaintiff, Deon R. Braxton, prays for judgment against Defendant for his causes of action stated above; that he be awarded all available compensatory damages, including, but not limited to, lost wages and benefits, damages for emotional distress and loss of enjoyment in life for an amount in excess of $100,000.00; and punitive damages on such claims as may be available; that Defendant is ordered to pay attorney fees and cost incurred in litigating these causes of action, and for such other and further relief as may be available in law and equity.

Respectfully submitted,

s/Cynthia Rowe D'Antonio
Cynthia Rowe D'Antonio  OBA#19652
GREEN JOHNSON MUMINA & D'ANTONIO
400 North Walker Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone:   (405) 488-3800
Facsimile:   (405) 488-3802
Email: cynthia@gjmlawyers.com
ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**